UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTINA K.,

                Plaintiff,

v.                                                                                                  CASE # 20-cv-01244

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | KENNETH R. HILLER, ESQ.<br>MARY ELLEN GILL, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | FERGUS KAISER, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is GRANTED, defendant's motion is DENIED, the decision of the Commissioner is

REVERSED, and this matter is REMANDED for further administrative proceedings consistent with this order.

I.     RELEVANT BACKGROUND

   A.     Factual Background

Plaintiff was born on April 27, 1982, and has at least a high school education. (Tr. 166, 175). Generally, plaintiff's alleged disability consists of osteoarthritis, complex regional pain syndrome, polycystic ovary syndrome (PCOS), endometriosis, fibromyalgia, depression, obesity, back injury, cervical cancer, and fertility problems. (Tr. 174).

   B.     Procedural History

On July 6, 2017, plaintiff protectively applied for a period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 151). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On June 5, 2019, plaintiff appeared before ALJ Gregory M. Hamel. (Tr. 40-68). On July 5, 2019, ALJ Hamel issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-30). The Appeals Council (AC) denied review on July 15, 2020, and thereafter, plaintiff timely sought judicial review in this Court. (Tr. 1-3).

   C.     The ALJ's Decision

Generally, in his decision, ALJ Hamel made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since July 6, 2017, the application date (20 CFR 416.971 *et seq.).*

2. The claimant has the following severe impairments: lumbosacral disc disease, morbid obesity, complex regional pain syndrome, fibromyalgia, muscle strain of the right lower

extremity, carpal tunnel syndrome, major depressive disorder, and posttraumatic stress disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b)[1] except she can only occasionally climb stairs, balance, stoop, kneel, crouch, and crawl; cannot climb ladders or similar devices; cannot work in hazardous environments such as at heights or around dangerous machinery; can do frequent but not constant handling, fingering, and reaching; can focus attention effectively and reliably on simple, routine, and repetitive tasks; and cannot do tasks requiring more than occasional public contact either in person or over the phone.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on April 27, 1982 and was age 35 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since July 6, 2017, the date the application was filed (20 CFR 416.920(g)).

(Tr. 12-30).

---

[1] Light work requires lifting and carrying up to 20 pounds occasionally and 10 pounds frequently. Many light jobs are performed while standing, and those performed in the seated position often require the worker to operate arm or leg controls.

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the physical RFC is not supported by substantial evidence because the ALJ relied on stale opinion evidence and did not properly consider other opinion evidence. Second, the mental RFC is not supported by substantial evidence because the ALJ gave little weight to all psychiatric opinion evidence and formulated the RFC using his own lay judgement (Dkt. No. 14 at 1 [Pl.'s Mem. of Law]).

### B.   Defendant's Arguments

In response, defendant makes a broad argument that the ALJ's RFC determination was supported by substantial evidence and that the ALJ properly weighed the medical opinion of record. (Dkt. No. 15 at 6 [Def.'s Mem. of Law]).

## III.   RELEVANT LEGAL STANDARD

### A.   Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct

legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.    ANALYSIS

### A.  Physical RFC

Plaintiff first argues the RFC is not supported by substantial evidence because the ALJ relied on a stale medical opinion and did not properly consider more recent opinion evidence. (Dkt. No. 14). It is well settled by the Second Circuit that an ALJ's decision does not have to be supported by an opinion. *Poupore v. Astrue*, 566 F.3d 306 (2d Cir. 2009); *see Corbiere v. Berryhill* 760 F. App'x 54, 56 (2d Cir. Jan. 23, 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly speaking to the physical portion of the RFC determination of sedentary work, and relying, instead, on the relevant medical findings in the treatment notes). At issue in this case is an opinion from state agency reviewing consultant Dr. Koenig, dated October 24, 2017. (Tr. 626). Dr. Koenig reviewed plaintiff's file at that time and opined that plaintiff could perform light work, but stand/walk for only four hours in an eight-hour workday; she could perform occasional postural duties; and she should avoid temperature extremes and hazards. *Id.* Dr. Koenig noted that plaintiff's activities of daily living were severely limited at that time due to a recent back surgery. *Id.* Although rendered over a year and a half prior to the decision, the ALJ found the opinion to be persuasive and generally consistent with the longitudinal record.

(Tr. 26). However, as successfully argued by plaintiff, the opinion was stale as it was also almost a year prior to a second spinal surgery.

To be sure, a gap of time between when an opinion is rendered and the disability hearing and decision does not automatically invalidate that opinion; however, such an opinion may be stale if the claimant's condition deteriorates during that time. *Majdandzic v. Comm'r of Soc. Sec.*, No. 17-CV-1172-FPG, 2018 WL 5112273, at *3 (W.D.N.Y. Oct. 19, 2018); *See, e.g., Hawkins v. Colvin*, 2016 WL 6246424, *3 (W.D.N.Y. Oct. 26, 2016) (remanding because after medical opinion was given, Plaintiff's condition changed due to degenerative disk disease); *Jones v. Comm'r of Soc. Sec.*, 2012 WL 3637450, at *2 (E.D.N.Y. Aug. 22, 2012) (stating, "[B]y plaintiff's hearing date, the disability examiner's opinion that Jones could perform light work was 1.5 years stale, and did not account for her deteriorating condition").

In the instant case, despite an emergency surgical laminectomy and discectomy on July 21, 2017, plaintiff required a reoperative decompressive laminectomy on August 28, 2018, that was not successful due to ossification of the disc. (Tr. 467, 659, 930). Although defendant argues there was no change in plaintiff's condition after the October 2017 opinion by Dr. Koenig, the treatment notes indicate new pain and numbness developed in the right leg after a fall in May 2018, which an MRI confirmed caused a recurrence of the right L5-S1 disc herniation with nerve compression. (Tr. 662). Those same treatment notes indicate surgery was necessary due to the new onset of numbness and the updated diagnostic imaging. (Tr. 930).

Indeed, an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability. *See* 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(e); *See, e.g., Trepanier v. Comm'r of Soc Sec. Admin.,* 752 F. App'x 75, 78 (2d Cir. 2018) (substantial

evidence supported ALJ's RFC finding; ALJ "largely relied on the report of a consultative examiner"); *Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011) ("The report of a consultative physician may constitute such substantial evidence."). However, medical opinions based on an incomplete medical record may not be substantial evidence. *Camille v. Colvin,* No. 14–CV–6155 EAW, 104 F.Supp.3d 329, 343–44, 2015 WL 2381030, at *13 (W.D.N.Y. May 19, 2015). Dr. Koenig's opinion was three months after the first back surgery and specifically noted activities of daily living were "severely limited at this time due to recent back surgery." (Tr. 626). More importantly, Dr. Koenig comments that he issued an RFC for plaintiff's current condition and then a modified RFC 12 months post onset to a light exertional level. (Tr. 626). However, as discussed above, another fall, new symptoms, and updated imaging indicated additional surgery was necessary. Plaintiff's anticipated recovery by Dr. Koenig in assessing an RFC in the future was not consistent with the medical records which showed another back surgery within 10 months post-application and onset. (Tr. 930).

With the ample evidence discussed above, it is evident that Dr. Koenig's opinion is stale and cannot constitute substantial evidence on which to base an RFC determination. *Moeller v. Comm'r of Soc. Sec.,* No. 18-CV-409-MJR, 2019 WL 5078343, at *4 (W.D.N.Y. Oct. 10, 2019) ("Because Dr. Siddiqui's opinion predated a significant deterioration in Moeller's condition, the opinion was stale, and could not constitute substantial evidence to support the ALJ's findings."); *Welsh v. Colvin*, No. 14-CV-6715P, 2016 WL 836081, at *12 (W.D.N.Y. Mar. 4, 2016) (finding that an opinion rendered before the "significant deterioration" of the claimant's mental status could not "constitute substantial evidence supporting the ALJ's determination").

Furthermore, the ALJ made frequent sweeping generalizations of plaintiff's condition to support his findings but ignored evidence that was favorable to the plaintiff. There is no question

that an ALJ can examine a complicated medical record such as the pending record and pick out certain findings which reflect progress or a reduction in symptomology, but cherry-picking evidence to support a disability determination is error and not a fair assessment of the record. *See Phelps v. Colvin*, No. 12-CV-976S, 2014 WL 122189, at*4 (W.D.N.Y. Jan. 13, 2014) ("The selective adoption of only the least supportive portions of a medical source's statements is not permissible.") (internal quotations and brackets omitted); *Caternolo v. Astrue*, No. 6:ll-CV-660l(MAT), 2013 WL 1819264, at *9 (W.D.N.Y. Apr. 29, 2013) ("[i]t is a fundamental tenet of Social Security law that an ALJ cannot pick and choose only parts of a medical opinion that support his determination.")(internal quotations omitted) (collecting cases).

ALJ Hamel uses quantifying adverbs, such as generally and fairly, throughout his decision to discuss exam findings. (Tr. 23-25). An example is "the claimant has fairly consistently had intact sensation, with some abnormalities." (Tr. 23). However, the medical record is replete with findings of hypesthesia in the lower extremity and reduced sensation in upper and lower extremities. (Tr. 466, 615, 665, 702, 718, 773, 1166). Even after the second back surgery, plaintiff complained of persistent numbness over the lateral aspect of the right leg which caused her to roll her ankle at times. (Tr. 659). Similarly, in finding the restrictive opinion of consultative examiner Dr. Isihos not persuasive, the ALJ stated plaintiff had intact coordination and ability to get on and off the exam table without assistance. (Tr. 27). However, Dr. Isihos' report also notes that her gait was slow, she was unable to walk on her heels, required assistance of holding on to something when squatting, and was slow to rise from chair to standing position. (Tr. 616). Notably, he also had found decreased sensation in the bilateral lower extremities. (Tr. 617). The ALJ erroneously ignored findings favorable to plaintiff's claim and cited only those to support his decision.

The administrative record does contain an opinion that post-dates the second surgery from Nurse Practitioner (NP) Michelle Okonieczny, dated June 3, 2019. (Tr. 1283). The ALJ found her opinion not persuasive as it was not consistent with the longitudinal record. (Tr. 27). However, he cut and pasted the same "fairly consistent" findings used when discrediting Dr. Isihos' limitations, which were consistent with the NP's limitations. (*Id*.). NP Okonieczny treated plaintiff over the period at issue and her opinion was nearly a year after the second surgery. (Tr. 1283). As such, it is difficult for this Court to follow the ALJ's reasoning that Dr. Koenig's early opinion was consistent with the longitudinal treatment record, but that the most recent opinion from an examining and treating source was not consistent. (Tr. 27). *See Callahan v. Berryhill*, 2018 WL 1616058, *5 (W.D.N.Y. Apr. 4, 2018) (noting that "'opinions from a one-time consultative physician are not ordinarily entitled to significant weight, in particular where that physician does not have the benefit of the complete medical record.'").

### B. Additional Arguments

As set forth above, plaintiff also argues the ALJ erred in formulating the mental RFC. (Dkt. No. 14 at 20). However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary the Court declines to reach these issues. *See, e.g., Bell v. Colvin,* No. 5:15-CV-01160 (LEK), 2016 U.S. Dist. LEXIS 165592, at *32 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted).

**ACCORDINGLY**, it is

      **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

      **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 15) is **DENIED**; and it is further

      **ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: February 10, 2022  
Rochester, New York

                                                              *J. Gregory Wehrman*  
                                                              HON. J. Gregory Wehrman  
                                                              United States Magistrate Judge